RANIVILLE *v.* KENT CIRCUIT JUDGE.

GARNISHMENT—EXAMINATION OF GARNISHEE—NOTICE.

The provision of 2 How. Stat. § 8061, giving to the plaintiff in garnishment proceedings the right to bring the garnishee before the circuit judge or a circuit court commissioner for examination, upon a notice of "not less than three nor more than ten days," unless such time is enlarged by the court, has reference to resident garnishees only.

*Mandamus* by Felix Raniville to compel William E. Grove, circuit judge of Kent county, to vacate an order setting aside the default of a nonresident garnishee defendant. Submitted June 28, 1898. Writ denied September 20, 1898.

*Rood & Hindman*, for relator.

*McGarry & Nichols*, for respondent.

MONTGOMERY, J. The question which relator's counsel present in this case calls for a construction of a portion of section 8061, 2 How. Stat., relating to the proceedings against garnishees. The provisions are:

"If such plaintiff shall file in said cause a demand for the examination of such garnishee before said judge or a

circuit court commissioner, and shall cause a copy of the same to be served on such defendant, with a notice from the plaintiff or his attorney requiring such garnishee to appear before the judge or a circuit court commissioner, at a time and place to be named in such notice, not less than three nor more than ten days after service of such notice, which time may be enlarged by the judge or commissioner on special cause shown, and submit to an examination, on oath, concerning all matters of his liability as such garnishee under this act, which copy shall be served, and such service proven, when required, in the same manner as in cases of service of a declaration in suits commenced by declaration, such garnishee defendant shall appear and submit to such examination as required by such notice. And if such garnishee shall fail to appear for examination at the time and place appointed by such notice, or if such garnishee shall fail or refuse to file his answers to such written interrogatories as required by this act, or if such answers are not full and responsive to such written interrogatories, the judge of the court, or a circuit court commissioner, upon application of the plaintiff, shall make an order that the garnishee do appear before him and submit to such examination at such a time and place to be named in such order."

This is followed by a provision authorizing entry of default in case of failure to appear.

The question presented by the relator's counsel in this case is: Can a nonresident garnishee defendant, who has been served with original process in the suit, and who has responded by filing a disclosure, be required to appear and submit to an oral examination before a circuit court commissioner on a notice of from three to ten days? The question has never before been raised in this State, and our attention has not been directed to any decisions in other States which throw any light upon the subject. The relator's counsel contend that, as the words employed in this provision of the statute are general and sufficiently comprehensive to include all garnishee defendants, they manifest a legislative intent to bring nonresidents as well as residents within its terms. We cannot accept this view as to the legislative intent. In this case the gar-

nishee defendant resides in New York.     It might happen that the garnishee defendant resided in Hawaii, and yet, if the relator's contention be allowed, he might, after having filed his disclosure, and having departed to his home, be required to return and attend upon an examination, or he would have the alternative presented of awaiting in this State the decision of plaintiff's counsel as to the course which he should think best to pursue.     A construction entailing such hardships upon one whose only fault is to be indebted to or hold property belonging to a debtor ought not to be adopted unless imperatively demanded.     Turning to the statute, we find that the time fixed for appearance is so short as to suggest that the service was intended for residents only.     Furthermore, the language, "which copy shall be served, and such service proven, when required, in the same manner as in cases of service of a declaration in suits commenced by declaration," may well be construed to require a service within the jurisdiction; that is, either in the county where suit is brought, or in the county where service has been had under the provisions of section 8095.

The writ will be denied, with costs.

The other Justices concurred.